UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERIN PARABIA, an individual,<br><br>                            Plaintiff,<br><br>v.<br><br>STATE BANK OF TEXAS, a Texas state-chartered bank, as successor-in-interest to the original lender, CHAN PATEL, an individual,<br><br>                            Defendants. | Case No.: 3:19-cv-0725-BEN-MSB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**[Dkt. Nos. 6, 8 and 13]** |

     Filed in 2019, this case concerns the same core of operative facts as an older case in this Court filed in 2014: *State Bank of Texas v. Parabia, et al.*, Case No. 14-cv-3031-L (DHB) ("the older case"). This new case attempts to collaterally attack the judgment already entered against Plaintiff Perin Parabia and an order to sell real estate based on that judgment. A stay prohibiting the sale of the property was lifted by the bankruptcy court on August 21, 2019. This motion to dismiss (Dkt. No. 6) was filed on September 4, 2019, followed shortly by a motion to consolidate cases (Dkt. No. 8). On October 3, 2019, counsel for Parabia was granted leave to withdraw and Parabia has proceeded in propria persona. Dkt. No. 12. The real property underlying this action was sold on October 9, 2019.

In this case, Parabia has filed neither an opposition to the motion to dismiss nor anything else.  On the other hand, in the older case, Parabia continues to actively resist post-judgment collection proceedings by, inter alia, unsuccessfully appealing a writ of possession to the Ninth Circuit in March 2020 and resisting a motion for sanctions in April 2020.  As recently as July 28, 2020, the Clerk of Court issued a writ of execution against Parabia on the judgment in the older case.

Judgment in the older case was entered in favor of the State Bank of Texas and against Parabia on September 15, 2017.  After filing this case, Parabia unsuccessfully sought to vacate the judgment in the older case.  That motion was denied on October 8, 2019.  The time for appeal has passed and the judgment has become final.

Federal common law applies to the issue of whether judgment in the older case has a res judicata effect on Parabia's claims in the instant case.  *See Int'l Bd. of Teamsters v. U.S. Dep't of Transp.*, 861 F.3d 944, 955 (9th Cir. 2017).  The doctrine of claim preclusion (sometimes called res judicata) "prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.*, 140 S. Ct. 1589, 1595 (2020) (citations omitted).  The effect of the earlier suit's judgment is to "prevent[] litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Id.*  Suits involve the same claim when they "involve a common nucleus of operative facts."  *Id*. (citations omitted); *see also Media Rights Techs, Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1020 (9th Cir. 2019) (same).  Res judicata applies when there is: (i) an identity of claims between the prior and subsequent actions; (ii) a final judgment on the merits; and (iii) identity or privity between the parties.  *Media Rights Techs*, 922 F.3d at 1020–21; *In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*, 958 F.3d 1239, 1255 (9th Cir. 2020).

There is clearly a final judgment on the merits in the older case, and this case has the same parties as the older case.  Thus, the second and third res judicata elements are

1  met.  As to the first element, as previously stated, the nucleus of operative facts is the
2  same in both cases.   The res judicata doctrine applies to "claims that were raised or could
3  have been raised in" the older case.  *See NCAA*, 958 F.3d at 1255 (emphasis added)
4  (citation and quotation marks omitted).  Because Parabia's current claims are based on
5  facts that were known to her while the older case has been pending, she could have raised
6  those claims in the older case.  Even though she may not have alleged claims in exactly
7  the same terms in the newer case, because she could have alleged those claims, there is an
8  identity of claims for purposes of the res judicata analysis.  Claims for relief "may be the
9  same for the purposes of claim preclusion if, among other things, a different judgment in
10 the second action would impair or destroy rights or interests established by the judgment
11 entered in the first action."  *Lucky Brand Dungarees*, 140 S. Ct. at 1595.  This Court
12 therefore concludes that the first res judicata element is also met as to all the claims
13 alleged in Parabia's newer Complaint.
14      Because all three of the res judicata elements are met, the res judicata doctrine bars
15 Parabia from re-litigating the claims alleged in the instant case.  "Res judicata is not a
16 discretionary doctrine."  *See Caprio v. Hartford Life Ins. Co.*, No. C 08-338 CW, 2008
17 WL 1766747, at *2 (N.D. Cal. Apr. 15, 2008) (citing *Southern Ry. Co. v. Clift*, 260 U.S.
18 316, 319 (1922) (noting that res judicata "supersedes discretion and compels judgment")
19 (alteration in *Caprio*)); *see also United States v. Miller*, 822 F.2d 828, 832 (9th Cir. 1987)
20 ("The difference between the law of the case and res judicata is that 'one directs
21 discretion, the other supersedes it and compels judgment.'" (quoting *Southern Ry. Co. v.*
22 *Clift*, 260 U.S. 316, 319 (1922))).
23      Parabia's Complaint is dismissed for failure to state a claim upon which relief can
24 be granted because all the claims in the Complaint are barred by the res judicata effect of
25 the final judgment in the older case, 14-cv-3031-L (DHB).  *See* Fed. R. Civ. P. 12(b)(6).
26      Because the disposition of Parabia's claims in this case are dependent upon the
27 claims in and the outcome of 14-cv-3031-L (DHB), Parabia cannot cure the deficiencies
28 in the current Complaint.  Therefore, this case is dismissed with prejudice.

## CONCLUSION

The Motion to Dismiss filed September 4, 2019 (Dkt. No. 6) is hereby **GRANTED.** The Complaint and all other pending motions (Dkt. Nos. 8 and 13) are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Date: August 3, 2020

HON. ROGER T. BENITEZ
United States District Judge